**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRIAN S. SHEVLIN, et al., | CIVIL ACTION NO. 09-6323 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| THE PHOENIX LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Brian S. Shevlin, Keith P. Shevlin, and Erin Taylor ("Plaintiffs"), brought this action against the defendants, The Phoenix Life Insurance Company ("PLIC") and Phoenix Companies, Inc. ("PCI") (collectively, "Defendants"). (See generally dkt. entry no. 23, 2d Am. Compl.)  Plaintiffs' claims relate to the 2001 demutualization of PLIC and Defendants' alleged failure to thereafter satisfy Plaintiffs' "reasonable dividend expectations". (See id.; dkt. entry no. 49-1, Pls.' Br. at 1-7.)

**PLAINTIFFS** now appeal from several orders of the Magistrate Judge that set forth the scope of certain e-discovery and allocated the costs associated with such discovery.  (Dkt. entry no. 49, Appeal; see also dkt. entry no. 37, 8-16-11 Order; dkt. entry no. 38, 10-21-11 Order; dkt. entry no. 43, 3-20-12 Order.)  Defendants oppose the Appeal.  (See dkt. entry no. 50, Opp'n Br.)

**THE COURT** will resolve the Appeal without oral argument pursuant to Local Civil Rule 78.1(b).

**THE MAGISTRATE JUDGE**, through the 8-16-11 Order and the 10-21-11 Order, resolved the parties' dispute concerning search queries designed to cull Electronically Stored Information ("ESI") from Defendants' computer systems. (See generally 8-16-11 Order; 10-21-11 Order.)  Plaintiffs argued that Defendants' proposed search queries were inadequate, and sought leave to craft search queries and set the protocol by which Defendants would collect ESI. (See 8-16-11 Order at 1-9; 10-21-11 Order at 19-22.)  The Magistrate Judge granted the Plaintiffs' request in part, allowed Plaintiffs to craft certain search queries for ESI, and ordered that "Plaintiffs bear the cost of the search."  (10-21-11 Order at 22; see also 8-16-11 Order at 5, 6.)  The Magistrate Judge also ordered the parties to confer prior to the collection of ESI so that Defendants could provide Plaintiffs an estimate of the costs of Plaintiffs' search.  (10-21-11 Order at 23.)

**DEFENDANTS** supplied Plaintiffs with a cost estimate in November of 2011.  (Dkt. entry no. 40, Joint Letter to the Court at 2.)  That estimate included: "(1) $3,000 - $4,500 to search for and retrieve ESI; (2) $7,600 - $10,250 to process the ESI data into an appropriate electronic format; and (3) **$250,000 - $300,000** to review these documents for responsiveness and privilege, once the ESI is retrieved and processed."  (Id. (bold type in original).)

2

**PLAINTIFFS** sought a ruling from the Magistrate Judge that Plaintiffs would not bear the costs of attorney review. (See id. at 2-4.) Plaintiffs argued that the Magistrate Judge merely shifted the "cost of the **search**" to Plaintiffs, rather than the costs of attorney review. (Id. at 2 (bold type in original).) They argued that shifting the Defendants' costs for attorney review to Plaintiffs was inappropriate as a matter of law and, further, argued that the attorney review costs proposed by Defendants were excessive. (Id. at 2-4.)

**THE MAGISTRATE JUDGE**, however, found Plaintiffs' arguments unpersuasive, stating that they were "free to craft the search as they currently propose if they wish to exercise that option; however, as set forth in the October 21, 2011 Order, Plaintiff[s] will be responsible for the reasonable costs associated with the same." (3-20-12 Order at 1.) The Magistrate Judge found that the "reasonable costs associated" with those searches included the costs of attorney review. (Id.) It appears that, in so ruling, the Magistrate Judge found that the Plaintiffs' proposed search queries were "more inclusive than necessary", and "burdensome and costly". (Id.) The Appeal followed. (See Appeal.)

**IT APPEARS** that the Appeal is untimely insofar as it concerns the 8-16-11 Order and the 10-21-11 Order. See Fed.R.Civ.P. 72(a) ("A party may serve and file objections to [a Magistrate Judge's order upon a non-dispositive matter] within 14 days after being

served with a copy."); see also L.Civ.R. 72(c)(1)(A).[1]  Plaintiffs did not docket the Appeal until April 10, 2012, well after the time for Appeal from both the 8-16-11 Order and the 10-21-11 Order lapsed.  See Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1)(A).[2]  The Court will thus dismiss the Appeal as to those orders.  See Schmidt v. Mars, Inc., No. 09-3008, 2011 WL 2421241, at *3, 4 (D.N.J. June 13, 2011) (denying appeal filed four months after entry of Magistrate Judge's order as, inter alia, untimely).

**IT FURTHER APPEARS**, however, that the Appeal is timely insofar as it concerns 3-20-12 Order.[3]  The Court will thus address the merits of the Appeal insofar as it concerns the 3-20-12 Order.

---

[1] The Magistrate Judge may, of course, enter orders upon non-dispositive pre-trial matters such as discovery disputes.  See 28 U.S.C. § 636(b)(1)(A); L.Civ.R. 72.1(a)(1), 72.1(a)(3)(B).  The parties do not dispute that the Magistrate Judge had authority to enter an order upon the discovery issues resolved in the 8-16-11 Order, 10-21-11 Order, and 3-20-12 Order.

[2] Plaintiffs have acknowledged their failure to timely appeal the 8-16-11 Order and the 10-21-11 Order.  (See Pls.' Br. at 18, n.7 (noting that Plaintiffs did not timely "challenge the Court's determination[s]", as set forth in those Orders).)

[3] Parties ordinarily have only a fourteen day period to appeal from an order of the Magistrate Judge.  In this matter, however, the fourteen day period -- which would have run through and included April 3, 2012 -- was extended by three days, such that the period to appeal ran through and included April 6, 2012.  See L.Civ.R. 5.2 (providing for service of court orders by CM/ECF, i.e., by electronic means); Fed.R.Civ.P. 5(b)(2)(E) and 6(d) (providing three-day extension of deadlines where parties receive service of underlying matters by electronic means).  The Court must exclude April 6, 2012 from its computation because April 6, 2012 was Good Friday, a legal holiday.  Fed.R.Civ.P. 6(a)(1)(C),

**THE COURT**, when reviewing a Magistrate Judge's order on appeal, must examine the order for clear error of law or abuse of discretion.  See Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d Cir. 1986) (noting that Court must reverse a Magistrate Judge's order if the order is "clearly erroneous or contrary to law"); see also Richards v. Johnson & Johnson, Inc., No. 05-3663, 2008 WL 544663, at *2 (D.N.J. Feb. 26, 2008) (noting that a Magistrate Judge's "determination in a discovery dispute is entitled to great deference and reversible only for an abuse of discretion").

**IT APPEARS THAT** the United States Court of Appeals for the Third Circuit has yet to rule upon this issue, i.e., whether the Court may shift the cost of attorney review of ESI from the producing party to the party seeking production.  Other courts are split on the issue.  Compare In re Aspartame Antitrust Litig., 817 F.Supp.2d 608, 615 (E.D. Pa. 2011) (awarding post-trial costs and finding that "[b]ecause a privilege screen is simply a keyword

---

6(a)(6)(C); Federal Holidays Observed, http://www.njd.uscourts.gov/holidays.html (last visited May 31, 2012).  The Court must similarly exclude April 7, 2012 as a Saturday and April 8, 2012 as a Sunday.  Fed.R.Civ.P. 6(a)(1)(C).  The time to appeal the 3-20-12 Order thus lapsed on April 9, 2012.

Plaintiffs originally filed the Appeal on April 9, 2012 but applied the wrong label in CM/ECF.  (Dkt. entry no. 48, "MOTION Reversal of Magistrate Order".)  They thus, pursuant to instructions from the Clerk of the Court, properly re-filed the Appeal on April 10, 2012.  (See unnumbered docket entry immediately following dkt. entry no. 48; Appeal.)

search for potentially privileged documents, we award that cost as well") and Peskoff v. Faber, 251 F.R.D. 59, 61 (D.D.C. 2008) (noting that the Court "has the discretion . . . to shift all or part of the costs of production to the requesting party") with Major Tours, Inc. v. Colorel, No. 05-3091, 2009 WL 3446761, at *6 (D.N.J. Oct. 20, 2009), aff'd on other grounds, 720 F.Supp.2d 587 (D.N.J. 2010), reconsideration denied, 2010 WL 3906350 (Sept. 29, 2010) ("The Court will not Order plaintiffs to share the cost of defendants' privilege and relevancy review . . . . Fairness dictates that defendants pay this cost.") and Zubulake v. UBS Warburg LLC, 216 F.R.D. 280, 290 (S.D.N.Y. 2003) ("the responding party should always bear the cost of reviewing and producing electronic data once it has been converted to an accessible form.").[4]  It appears that the decision to shift costs from the party producing discovery to the party requesting discovery is a fact-intensive inquiry.  See Fed.R.Civ.P. 26(b)(2)(B) ("the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost"); see also Fed.R.Civ.P. 26 advisory committee's notes (2006) ("The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery.  The conditions may take the form of limits on the amount, type, or

---

[4] We note that these cases constitute persuasive rather than binding authority.

sources of information required to be accessed and produced. The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible.").

**THE COURT** believes that the Magistrate Judge should have an opportunity to more fully announce and explain the findings of fact and conclusions of law that support the decision to shift the costs of attorney review of the ESI at issue from the producing party, i.e., Defendants, to the party requesting discovery, i.e., Plaintiffs. The Court will thus vacate the 3-20-12 Order and remand this matter for further proceedings.[5]

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Date:   June 1, 2012

---

[5] The Court, in vacating the 3-20-12 Order and remanding this matter for further proceedings, exercises its inherent power to control the docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); see also Jackson v. Univ. of Pittsburgh, 141 F.R.D. 253, 254 (W.D. Pa. 1992) ("Trial courts have inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").