NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN SHEVLIN, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> THE PHOENIX LIFE INSURANCE : <br> COMPANY, et al., : <br> : <br> Defendants. : | Civil Action No. 09-6323 (MLC) <br><br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendants The Phoenix Life Insurance Company and Phoenix Companies, Inc.s' ("Defendants") Motion for Sanctions against Plaintiffs Brian Shevlin et al.'s ("Plaintiffs") counsel alleging a breach of the Discovery Confidentiality Order ("DCO") in this matter [Docket Entry No. 88]. Plaintiffs oppose Defendants' motion [Docket Entry No. 99]. The Court has fully reviewed the papers submitted in support of and in opposition to Defendants' motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Defendants' motion for sanctions is GRANTED.

**I.  Factual Background**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. As noted in the Court's letter order dated October 16, 2012, the following facts regarding Defendants' motion are undisputed:

> This Court issued a Discovery Confidentiality Order on November 22, 2010. [Docket Entry No. 30]. On July 25, 2012, Plaintiffs' counsel, Moshe Maimon, deposed Philip

˘1˘

> Polkinghorn. *Defendants' Brief in Support,* [Docket Entry No. 88-2, *6]. Present with Plaintiffs' counsel at this deposition was one Khai LeQuang, Esq., a partner with the law firm of Orrick, Herrington & Sutcliff, LLP. *Id.* During the deposition, Defendants' counsel asked Mr. LeQuang to leave, and he did so with Plaintiffs' counsel's consent. *Id.* at *7. Eight days after the deposition of Mr. Polkinghorn, Mr. LeQuang filed a complaint against the Defendants in this case, as well as Mr. Polkinghorn, in the United States District Court for the District of Connecticut. *Plaintiff's Brief in Opposition,* [Docket Entry No. 99, *25].

*October 16, 2012 Letter Order*, Docket Entry No.104, *1-2 (footnote omitted).

After reviewing the arguments made in the parties' moving papers, the Court found that a hearing on the matter was warranted on the issue of whether there a breach of the confidentiality order by Plaintiffs' counsel. The hearing took place on January 16, 2013 and this Court reserved decision on the matter.[1]

### A. The Discovery Confidentiality Order

In anticipating that confidential information might be disclosed during the course of this litigation, the parties in this matter negotiated a Discovery Confidentiality Order ("DCO") which was subsequently approved and entered by this Court on November 22, 2010. The DCO gave any party or third party the right to designate certain materials as "Confidential." Paragraph 2 of the DCO provides in pertinent part:

> All Confidential information shall be used solely for purposes of the prosecution or defense of this action, shall not be used for any other purpose whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this [DCO], unless and until the restrictions herein are removed by written agreement of counsel for the Named Parties or by Order of the Court.

*DCO,* Docket Entry No. 30, *2.

In accordance with the above, Paragraph 6 of the DCO mandated that:

---

1 The Court notes that the hearing was originally scheduled for November 9, 2012. However, due to the effects of Hurricane Sandy, as well as accommodating counsel flying in from California, the hearing was pushed until January.

> If any Confidential information is to be disclosed to a third party, such person must first be provided a copy of this [DCO] and must agree in writing to be bound by its terms prior to gaining access to any Confidential information by executing a non-disclosure agreement in the form attached hereto as Exhibit A.

*Id.* at *4.

### B. The Deposition

The deposition of Philip Polkinghorn was prepared for and noticed by Plaintiffs. *January 16, 2013 Transcript,* ("T.") Docket Entry No. 120, *7. Plaintiffs' counsel was aware of the terms of the DCO and had reviewed same prior to the deposition on July 25, 2012. T. 13:9-15. Plaintiffs' counsel knew "within a day or two prior to the deposition" that Mr. LeQuang would be present. T. 11:2-3. Additionally, Plaintiffs' counsel knew that Mr. LeQuang was contemplating litigation with Defendants. T. 25: 3-12. Prior to the deposition, Defendants had produced documents to Plaintiffs, several of which were previously designated as confidential by Defendants. T. 7:24 to 8:14. The designation of those documents as such was never challenged by Plaintiffs. T. 11:6-9. Plaintiffs' counsel used those documents during the deposition of Philip Polkinghorn in Mr. LeQuang's presence. T. 20:5-13. At the time the confidential documents were used, Mr. LeQuang had received a copy of and had read the DCO but had not signed the non-disclosure agreement under Exhibit A. T. 85:8 to 87:10. At no point prior to or during the deposition did Plaintiffs' counsel identify Mr. LeQuang or state that he was involved in a separate litigation against Defendants.

### II. Analysis

The Court has the inherent power under FED.R.CIV.P 16(d) to issue pretrial orders. In addition, L. Civ. R. 5.3(b) permits the parties in an action to petition the Court to enter a protective order pertaining to discovery. If under the protective order, the confidentiality of any materials

designated as such is disputed, that dispute must be brought before the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1). See L. Civ. R. 5.3(b)(4). Under subsection (f) of Rule 16, the Court may, in its discretion, impose sanctions on motion or *sua sponte* to any party or attorney who "fails to obey a scheduling or other pretrial order." FED.R.CIV.P. 16(f)(1)(C). See also *In re Mushroom Direct Purchaser Antitrust Litigation,* 2012 U.S. Dist. LEXIS 12319 (E.D.Pa. Jan. 31, 2012) (finding that the Court issuing a Discovery Confidentiality Order has enforcement power over the Order should there be a breach of its terms). If a party moves for sanctions, or the Court finds that they may be warranted, the party to be sanctioned must be afforded due process rights, including notice and a hearing to respond. *Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d. Cir. 1990).

The Court finds that a breach of the DCO occurred during the deposition of Philip Polkinghorn. Plaintiffs' counsel allowed Mr. LeQuang to sit in on the deposition with the knowledge that he was opposing counsel in another matter being contemplated against Defendants and without revealing same to defense counsel. Further, Plaintiffs' counsel had prepared for the deposition, had used documents which were marked confidential by Defendants, and had elicited testimony regarding those documents. The Court finds that the use of these confidential documents was not inadvertent and that Plaintiffs' counsel intended on introducing such documents at the deposition and had assumed their confidentiality by not challenging their designation as such. Although the documents were not shown to Mr. LeQuang, his presence during questioning regarding same is enough to constitute disclosure of confidential information to him. In light of this disclosure, Plaintiffs' counsel was required by the DCO to secure a signed copy of the non-disclosure agreement from Mr. LeQuang. Indeed, Mr. LeQuang did not execute the non-disclosure agreement until August 17, 2012, over three weeks after the deposition of Philip Polkinghorn and over two weeks after he filed his complaint against Defendants in the

District of Connecticut. The failure of Plaintiffs' counsel to obtain an executed copy of the non-disclosure agreement from Mr. LeQuang constitutes a breach of the parties' DCO. Whether any harm resulted to Defendants or any improper benefit was gained by Plaintiffs is irrelevant as to the issue of breach. These factors will be considered by the Court in deciding the appropriate sanction to impose.

At this time, the Court has not yet determined what sanction is warranted as a result of the breach of the DCO. Such an inquiry will depend on the Court's review of the informal material concerning the confidentiality of the deposition of Philip Polkinghorn and the manner in which such confidential information may or may not have been used by Mr. LeQuang in his own litigation against Defendants.

### III. Conclusion

For the reasons stated above, Defendants' motion for sanctions is GRANTED. The Court shall determine what sanction is appropriate upon review of the informal materials submitted by the parties. An appropriate Order follows.

Dated: May 8, 2013

                                               s/Tonianne J. Bongiovanni  
                                               **HONORABLE TONIANNE J. BONGIOVANNI**  
                                               **UNITED STATES MAGISTRATE JUDGE**