**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN S. SHEVLIN, et al., | : | CIVIL ACTION NO. 09-6323 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| PHOENIX LIFE INSURANCE COMPANY, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** were issued life insurance policies by the defendants' predecessor entity ("Predecessor"), which was a mutual life insurance company. (See dkt. 174 at 1–2 (6-30-14 Mem. Op.).) The plaintiffs allege that, at a certain point after the Predecessor was demutualized and converted to a stock company, the defendants began to receive unjustifiably large aggregate dividends to the detriment of the dividends to be paid to the Predecessor's original policyholders. (See id. at 2, 8–11.)

**THE PLAINTIFFS** now move pursuant to Federal Rule of Civil Procedure 23(b) to certify this action as a class action ("Motion to Certify"). (See dkt. 221; see also dkt. 191; dkt. 192.) In support of the Motion to Certify, the plaintiffs heavily rely on the opinions of their actuarial expert — J. Peter Duran — in order to demonstrate that the alleged losses sustained by the plaintiffs and other policyholders were unjustifiable. (See, e.g., dkt. 192 at 4–43; see also dkt. 203 at 24–25; dkt. 211 at 4–13.) Indeed, in addressing

previous motion practice, the Court has repeatedly referred to Duran's expert opinions as a result of submissions by the plaintiffs. (See, e.g., dkt. 174 at 15–36.) The plaintiffs have also advised the Court "of [their] intention to file a motion for summary judgment on the issue of liability". (Dkt. 227 at 1.)

**THE DEFENDANTS** — in one sprawling brief that intertwines several issues — oppose the Motion to Certify, and cross-move to exclude Duran's expert opinions ("Cross Motion to Exclude"). (See dkt. 195-1; see also dkt. 207; dkt. 213; dkt. 222.) The defendants argue that "Plaintiffs' evidence of class damages is based entirely on Mr. Duran's analysis and opinion", and that Duran's opinions: (1) are "not competent", and are based on "his non-specified professional and educational experience"; (2) are "without any foundation" and "speculative"; and (3) fail to meet the standards of admissibility set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1994). (Dkt. 195-1 at 14, 25, 35–47, 57.) The defendants acknowledge that the admissibility of Duran's expert opinions "is intertwined with the class certification issue". (Dkt. 226 at 2.) The defendants have also informed the Court that they may seek to strike a "new expert report" drafted by Duran for being untimely. (See id.)

**THE COURT** will resolve the Motion to Certify and the Cross Motion to Exclude on the papers. See L.Civ.R. 78.1(b).

**THE ISSUES** regarding the reliability and timeliness of Duran's opinions must be resolved before the Court addresses the Motion to Certify. Therefore, the Court will deny

the Motion to Certify without prejudice and the Cross Motion to Exclude without prejudice, and will direct the defendants to: (1) move to exclude Duran's opinions anew; and (2) file a proper brief in support that is strictly limited to the issues they have raised concerning Duran's expert opinions.  See In re Front Loading Washing Mach. Class Action Litig., No. 08-51, dkt. 219 at 1–2 (D.N.J. July 7, 2011) (administratively terminating plaintiffs' motion for class certification pending the outcome of defendant's motions to exclude expert opinions and a related Daubert hearing); In re Front Loading Washing Mach. Class Action Litig., No. 08-51, 2013 U.S. Dist. LEXIS 96070, at *3 n.1 (D.N.J. July 10, 2013) (noting — in addressing the aforementioned motions to exclude — that the separate motion for class certification was administratively terminated); see also Bowman v. Int'l Bus. Machs. Corp., No. 11-593, dkt. 269 at 1–2 (S.D. Ind. Sept. 27, 2012) (staying plaintiffs' motion for class certification pending resolution of defendants' motion to strike certain expert reports); Bowman v. Int'l Bus. Machs. Corp., No. 11-593, 2013 WL 1857192, at *8 (S.D. Ind. May 2, 2013) (noting that plaintiffs' motion for class certification was stayed pending the resolution of defendants' motion to strike).

**THE COURT'S RESOLUTION** here would be the same if the plaintiffs had also filed a separate motion for summary judgment on the issue of liability.  See Mykolaitis v. Home Depot U.S.A., No. 13-1868, 2014 U.S. Dist. LEXIS 164745, at *1–3 (D.N.J. Nov. 25, 2014) (concerning summary judgment motion and the exclusion of certain expert testimony); Deficcio v. Winnebago Indus., No. 11-7406, 2014 U.S. Dist. LEXIS 4604, at

*1–3 (D.N.J. Jan. 14, 2014) (concerning summary judgment motion, where movant argued that "the only 'expert' proof submitted by Plaintiffs should be disregarded as unreliable"); see also Boyer v. Weyerhaeuser Co., No. 14-286, 2015 WL 6869334, at *2 (W.D. Wis. Nov. 9, 2015) (staying summary judgment motion due to a pending motion to exclude expert testimony, because the "motion for summary judgment primarily turns on the admissibility of plaintiffs' proffered expert testimony"); RWJ Mgmt. Co. v. BP Prods. N. Am., No. 09-6141, 2011 WL 101727, at *7 (N.D. Ill. Jan. 12, 2011) (withholding decision on a summary judgment motion because "the viability of those claims [at issue] depends on whether Plaintiffs' . . . expert survives a pending motion to exclude").[1]

**IT IS IMPERATIVE** that the issues regarding the opinions of the plaintiffs' actuarial expert — i.e., Duran — be resolved first.  The plaintiffs may move anew for class certification — and, if appropriate, for summary judgment on the issue of liability — after the Court resolves the defendants' potential new motion to exclude Duran's opinions.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing a court's inherent power to control the docket); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (same).

**IT APPEARS** that a recent attempt to mediate this dispute was not successful. (See dkt. 220; dkt. 227 at 3.)  But in the spirit of that cooperative effort, the Court

---

[1] As to a new motion to exclude, the parties should consult the relevant Local Civil Rules of the United States District Court for the District of New Jersey if they intend to refer to materials that should be sealed.  See, e.g., L.Civ.R. 5.3(a)–(c).

encourages the parties to contact the Magistrate Judge if they believe that continued discussions would be fruitful in resolving this dispute without having to resort to further motion practice and expense.

    **THE COURT** will enter an appropriate order.

                                    s/ Mary L. Cooper  
                                    **MARY L. COOPER**  
                                    United States District Judge

**Dated:**  May 3, 2016